■ GEORGE W. MOFFITT, Appellant, v. MABEL MOFFITT et al., Defendants, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent.— Appeal from a judgment of the Supreme Court at Special Term, entered February 15, 1974 in Warren County, which awarded summary judgment to defendant Motor Vehicle Accident Indemnification Corporation. The facts are not in dispute. On July 8, 1972, the plaintiff was operating an automobile owned by him and insured by defendant Allstate Insurance Company, Inc.,

which was struck "head on" by another of plaintiff's automobiles insured by Allstate and negligently operated by plaintiff's wife, defendant Mabel Moffitt. As a result of the mishap, both cars were destroyed, and plaintiff suffered a broken hip which required several operations and disabled him for an extended period of time. Subsequently, when he caused a summons and complaint to be served upon his wife, he was informed by Allstate that it disclaimed "any obligation to defend or pay" on the policy by virtue of subdivision 3 of section 167 of the Insurance Law. Immediately thereafter, he caused an affidavit and notice of intention to file a claim to be served upon Allstate, based upon the uninsured motorist's indorsement of his policy, and upon the Motor Vehicle Accident Indemnification Corporation (MVAIC), based upon his rights as a "qualified person" under article 17-A of the Insurance Law. Both of these defendants, however, disclaimed any liability to indemnify plaintiff and refused to proceed to arbitration of his claims. Accordingly, plaintiff commenced this action for a declaratory judgment, seeking an adjudication of his rights as a victim of an accident caused by a financially irresponsible motorist vis-à-vis Allstate and MVAIC. Upon the motion of MVAIC to dismiss the complaint as against it for failure to state a cause of action or, alternatively, for summary judgment, the trial court reached the merits and determined that plaintiff is not entitled to recover from MVAIC as a "qualified person". The central question to be decided on this appeal is whether the trial court was correct in finding that plaintiff is not a "qualified person" entitled to indemnity from MVAIC. We hold that the court's decision was correct and must be affirmed. Pursuant to subdivision 3 of section 167 of the Insurance Law, an automobile liability policy does not insure against any liability of the insured because of injuries to his or her spouse or because of the destruction of property of his or her spouse unless there is an express provision to this effect inserted into the policy. In the present case we have a standard automobile liability policy which contains no such proviso. Therefore, plaintiff is not entitled to indemnity because MVAIC coverage is coextensive with that of a standard policy and article 17-A of the Insurance Law does not supplement the coverage of insured automobiles or protect insured persons against risks not covered by a standard policy (*McCarthy* v. *MVAIC*, 16 A D 2d 35, affd. 12 N Y 2d 922). Judgment affirmed, without costs. Staley, Jr., J. P., Sweeney, Kane, Main and Reynolds, JJ., concur.